UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE ALAN WEAVER,

    Petitioner,           Civil No. 2:17-CV-13094
                                   HONORABLE GEORGE C. STEEH
   v.                        UNITED STATES DISTRICT JUDGE

WILLIS CHAPMAN,

    Respondent.
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR A WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE

Bruce Alan Weaver, ("Petitioner"), confined at the Thumb Correctional Facility in Lapeer, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for armed robbery, M.C.L. 750.529. Respondent filed an answer to the petition for a writ of habeas corpus. As part of the answer, respondent argues that the petition is subject to dismissal because it contains a claim which has not been properly exhausted with the state courts. *In lieu of* dismissing the petition without prejudice, this Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit petitioner to return to the state courts to exhaust his

-1-

additional claims. If this fails, the petition will be dismissed without prejudice.

## I. Background

Petitioner was convicted following a jury trial in the Eaton County Circuit Court. Petitioner submitted a brief on appeal raising four claims.[1] Defendant argued 1) that the prosecution failed to rebut the defendant's *prima facia* case that he acted under duress, 2) the performance of his first trial attorney was ineffective because he failed to investigate a defense of duress, 3) that the trial court erred by instructing the jury that a defense of duress only applies in situations that "did not arise because of the defendant's fault or negligence," and 4) that the trial court judge improperly based petitioner's sentence on his refusal to admit guilt. Petitioner also filed a *pro se* supplemental Standard 4 brief pursuant to Administrative Order No. 2004-6, in which he argued that his initial trial counsel provided ineffective assistance because he had a conflict of interest, and that he was denied the effective assistance of trial counsel when counsel did not obtain statements from witnesses that would have corroborated his theory that he was acting under a serious threat from dangerous drug dealers

---

[1]See Defendant-Appellant's Brief on Appeal, dated September 16, 2015. [Dkt. # 8-9, PG ID.1405-40].

when he decided to rob a business.[2]

The Michigan Court of Appeals affirmed petitioner's conviction. *People v. Weaver*, No. 326468, 2016 WL 2943239 (Mich. Ct. App. May 19, 2016).

Petitioner filed a *pro se* application for leave to appeal to the Michigan Supreme Court and raised the same issues raised before the Michigan Court of Appeals. Petitioner also added an ineffective assistance of appellate counsel claim.[3] The Michigan Supreme Court granted petitioner's motion to add issues but denied the motions to expand the record and for remand. The application for leave to appeal was denied. *People v. Weaver*, 500 Mich. 924, 888 N.W.2d 112 (2017).

Petitioner has now filed a petition for a writ of habeas corpus, seeking relief on the following grounds:

> I. Petitioner was deprived of his Sixth Amendment rights to both the effective assistance of counsel and compulsory process by his first appointed trial attorney when:
>
> (A) counsel failed to investigate the only plausible line of defense by refusing to contact and interview two witnesses who were crucial to petitioner's

---

[2] *See* Defendant-Appellant's Supplemental Brief on Appeal. [Dkt. # 8-9, PG ID.1443-1494].

[3] *See* Application for Leave to Appeal. [Dkt. 8-10, PG ID at 1599-1619].

defense in spite of petitioner's repeated requests for assistance and when

(B) counsel made no attempt to obtain expert investigative assistance he admittedly knew could be appointed upon request in order to compel the attendance of witnesses when fear precluded him from contacting them himself[.]

II. Petitioner was deprived of his Sixth Amendment right to the effective assistance of appellate counsel when counsel relied on the existing record alone to raise a claim of ineffective assistance of trial counsel and neglected to file a separate motion to remand for an evidentiary hearing with an affidavit in support as required by Michigan Court Rule 7.211(c)(1)(a)&(ii)[.]

## II. Discussion

Respondent argues that petitioner's habeas application is subject to dismissal because petitioner's second claim alleging ineffective assistance of appellate counsel has not been properly exhausted with the state courts.

As a general rule, a state prisoner who seeks federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and ©. *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Although exhaustion is not a jurisdictional issue, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F.3d 410, 415 (6th Cir. 2009). Therefore, each claim must be

-4-

reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* Federal district courts normally must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). A habeas petitioner has the burden of proving that he exhausted his claims with the state courts. *See Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003). Petitioner's claim of ineffective assistance of appellate counsel is subject to the exhaustion requirement. *See Baldwin v. Reese,* 541 U.S. 27, 30-33 (2004).

Respondent argues that petitioner's ineffective assistance of appellate counsel claim is unexhausted because it was raised only for the first time in petitioner's application for leave to appeal to the Michigan Supreme Court. Respondent argues that this is insufficient for exhaustion purposes. This Court agrees. A habeas petitioner's raising of a claim for the first time before the state courts on discretionary review does not equal a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because petitioner failed to present his ineffective assistance of appellate counsel

claim on his appeal of right with the Michigan Court of Appeals, the subsequent presentation of this claim to the Michigan Supreme Court did not satisfy the exhaustion requirement for habeas purposes. *See Skinner v. McLemore,* 425 F. App'x 491, 494 (6th Cir. 2011); *Farley v. Lafler,* 193 F. App'x 543, 549 (6th Cir. 2006). Petitioner's second claim is unexhausted.

Although respondent argues that this claim is unexhausted, he urges this Court to reject it on the merits. This Court declines to do so.

A habeas petitioner's failure to exhaust his state court remedies does not deprive a federal court of its jurisdiction to consider the merits of the habeas petition. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). Therefore, an unexhausted claim may be adjudicated if the unexhausted claim is without merit, such that addressing the claim would be efficient and would not offend the interest of federal-state comity. *Prather v. Rees,* 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2)(habeas petition may be denied on the merits despite the failure to exhaust state court remedies). In certain cases, a federal court should dismiss a non-federal or frivolous claim on the merits to save the state courts the useless review of meritless constitutional claims. *Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991).

"In determining whether a claim is 'plainly meritless,' principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly clear that the petitioner has no hope of prevailing.'" *Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017)(quoting *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005)). "A contrary rule would deprive state courts of the opportunity to address a colorable federal claim in the first instance and grant relief if they believe it is warranted." *Id.* (quoting *Cassett*, 406 F.3d at 624).

In *Wagner v. Smith*, 581 F.3d at 414, the Sixth Circuit addressed a habeas petition involving several unexhausted claims that had been rejected on the merits by another judge in this district. The Sixth Circuit remanded the matter back to the district court. Although the Sixth Circuit discussed the four available options for addressing a habeas petition which contained unexhausted claims, including the option of denying the unexhausted claims on the merits, *Id.* at 419 (discussing the four options), the Sixth Circuit strongly suggested that the district court should consider staying the petition and holding it in abeyance to permit petitioner to return to the state courts to properly exhaust these claims, because the claims were not "plainly meritless." *Id.* at 419-20. On remand, the district court

vacated its opinion and order denying petitioner habeas relief, held the petition in abeyance to permit petitioner to return to the state courts to exhaust his claims, and administratively closed the case. *Wagner v. Smith,* U.S.D.C. 2:06-CV-10514 (E.D. Mich. Nov. 13, 2009).[4]

The Sixth Circuit again reversed another judge in this district for rejecting an unexhausted ineffective assistance of counsel claim on the merits. *See Hickey v. Hoffner,* 701 F. App'x 422 (6th Cir. 2017). In the *Hickey* case, petitioner alleged that trial counsel was ineffective for failing to call alibi witnesses and other exculpatory witnesses. Although agreeing with the district court that the claims were unexhausted, the Sixth Circuit ruled that they could not find petitioner's ineffective assistance of counsel claims to be plainly meritless, so as to deny relief on the merits, because petitioner raised a "colorable" ineffective assistance of counsel claim. *Id.* at 426. The Sixth Circuit vacated the district court decision denying habeas relief and remanded the matter to the district court to determine whether the petition should be held in abeyance to allow petitioner to return to the

---

[4]This Court notes that although the Sixth Circuit in *Wagner,* 581 F.3d at 419-20 believed that the unexhausted claims were not plainly meritless, so as to justify holding the case in abeyance to permit petitioner to exhaust these claims, the Sixth Circuit affirmed the denial of habeas relief on these same claims when the case came before that court again after petitioner exhausted these claims. *See Wagner v. Klee*, 620 F. App'x 375, 377 (6th Cir. 2015). This indicates that the threshold for a claim to rise above the "plainly meritless" standard is fairly low.

state courts to exhaust his claims. *Id.*

Petitioner's claim alleging that appellate counsel was ineffective is not plainly meritless because he raises a colorable constitutional claim. The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on the first appeal by right. *See Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985). This Court cannot categorically state that petitioner has absolutely no hope of prevailing on this claim either in the state courts or in the federal court. Because this unexhausted claim has "not yet been fully developed, it would be premature for the Court to assess [its] merits." *Adams v. Haas*, No. 15-11685, 2017 WL 264506, at *2 (E.D. Mich. Jan. 20, 2017). Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under M.C.R. 6.500. *See Wagner v. Smith,* 581 F.3d at 419. Petitioner could exhaust this claim by filing a motion for relief from judgment with the Eaton County Circuit Court under M.C.R. 6.502. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

The U.S. Supreme Court indicated that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the Antiterrorism and Effective Death Penalty Act's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner's claim does not appear to be "plainly meritless." *Wagner v Smith,* 581 F.3d at 419. Petitioner also has good cause for failing to raise his ineffective assistance of appellate counsel claim earlier because state post-conviction review would be the first realistic opportunity that he would have to properly raise this claim in the Michigan courts. *See Guilmette v. Howes,* 624 F.3d 286, 291 (6th Cir. 2010). Alternatively, petitioner could assert that he did not previously raise his ineffective assistance of appellate counsel claim in the Michigan Court of Appeals due to the ineffective

assistance of appellate counsel. *Wagner,* 581 F.3d at 419, nn. 4 and 5. Finally, it does not appear that petitioner has engaged in "intentionally dilatory tactics."

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that petitioner does not delay in exhausting his state court remedies, the Court imposes upon petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claim or claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).[5]

---

[5]This Court has the discretion to stay the petition and hold it in abeyance even though petitioner did not specifically request this Court to do so. *See e.g. Banks v. Jackson,* 149 F. App'x 414, 422, n. 7 (6th Cir. 2005).

## III. ORDER

Accordingly, **IT IS ORDERED** that petitioner may file a motion for relief from judgment with the state court within sixty (60) days of receipt of this Court's order. If petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss the present petition without prejudice.

If petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case shall then be held in abeyance pending petitioner's exhaustion of the claim or claims.

Petitioner shall re-file his habeas petition within 60 days after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims.

Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this

order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

Petitioner's request to have this Court review questions posed by law students interested in his case (Dkt. # 10) is **DENIED**, as they do not represent petitioner.

SO ORDERED.

Dated: May 8, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 8, 2019, by electronic and/or ordinary mail and also on Bruce Alan Weaver #166127, Thumb Correctional Facility 3225 John Conley Drive, Lapeer, MI 48446.

s/Barbara Radke
Deputy Clerk