UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE ALAN WEAVER,

      Petitioner,

                          Case Number 2:17-CV-13094

v.

                          Honorable George Caram Steeh

CHANDLER CHEEKS,

      Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Bruce Alan Weaver, ("Petitioner"), filed a *pro se* habeas corpus petition challenging his state conviction for armed robbery, Mich. Comp. Laws § 750.529.

Petitioner alleges the ineffective assistance of trial and appellate counsel.  The State argues in an answer to the petition that the state courts reasonably rejected petitioner's claims.  For the reasons stated below, the petition for a writ of habeas corpus is DENIED.

## I.  Background

Petitioner was convicted following a jury trial in the Eaton County Circuit Court.  This Court recites verbatim the relevant facts relied upon by

the Michigan Court of Appeals, which are presumed correct on habeas

review pursuant to 28 U.S.C. § 2254(e)(1). *See e.g. Wagner v. Smith,* 581

F.3d 410, 413 (6th Cir. 2009):

> Defendant was accused of robbing a Pizza Hut with a toy gun. He admitted to the robbery, but asserted that he was under duress due to threats of harm to himself and his family from drug dealers.
>
> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
>
> Defendant asserted that he was compelled to commit the robbery in order to avoid being harmed by his drug suppliers. Defendant explained that he owed $1,050 to his drug suppliers that he was supposed to pay at the beginning of May 2014, that his drug suppliers demanded payment on April 16, 2014, and that he was able to avoid them until April 19, 2014, the day before the robbery. Defendant said that the drug suppliers arrived at his home on April 19 and displayed a gun while threatening to kill him and his family for non-payment. Defendant described being afraid because he thought the drug dealers were going to kill him or his family or friends, and explained that he therefore attempted to rob the restaurant.

*People v. Weaver*, No. 326468, 2016 WL 2943239, at *1, 2 (Mich. Ct.

App. May 19, 2016).

Petitioner's conviction was affirmed. *Id., lv. den.* 500 Mich. 924, 888

N.W.2d 112 (2017).

Petitioner filed a petition for a writ of habeas corpus, which has held

in abeyance so that petitioner could exhaust his ineffective assistance of

appellate counsel claim. *Weaver v. Chapman*, No. 2:17-CV-13094, 2019

WL 2024496 (E.D. Mich. May 8, 2019).

Petitioner filed a post-conviction motion for relief from judgment, which was denied. *People v. Weaver,* No. 14-020156-FC (Eaton County Circuit Court, July 16, 2019)(ECF No. 20-3).  The Michigan appellate courts denied petitioner's post-conviction appeal. *People v. Weaver,* No. 350342 (Mich. Ct. App. Jan. 2, 2020); *lv. den.* 506 Mich. 853, 946 N.W.2d 274 (2020).

This Court reopened the case and permitted petitioner to file an amended petition.  Petitioner seeks habeas relief on the following grounds:

I.    Petitioner was deprived of his Sixth Amendment rights to both the effective assistance of counsel and compulsory process by his first appointed trial attorney when:

    (A) counsel failed to investigate the only plausible line of defense by refusing to contact and interview two witnesses who were crucial to petitioner's defense in spite of petitioner's repeated requests for assistance and when

    (B) counsel made no attempt to obtain expert investigative assistance he admittedly knew could be appointed upon request in order to compel the attendance of witnesses when fear precluded him from contacting them himself[.]

II.   Petitioner was deprived of his Sixth Amendment right to the effective assistance of appellate counsel when counsel relied on the existing record alone to raise a claim of ineffective assistance of trial counsel and neglected to file a separate motion to remand for an evidentiary hearing with an affidavit in support as required by Michigan Court Rule 7.211(c)(1)(a)&(ii)[.]

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), imposes the following standard of

review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person
> in custody pursuant to the judgment of a State court shall not
> be granted with respect to any claim that was adjudicated on
> the merits in State court proceedings unless the adjudication of
> the claim–
>
> (1)    resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.

A decision of a state court is "contrary to" clearly established federal

law if the state court arrives at a conclusion opposite to that reached by the

Supreme Court on a question of law or if the state court decides a case

differently than the Supreme Court has on a set of materially

indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

An "unreasonable application" occurs when "a state court decision

unreasonably applies the law of [the Supreme Court] to the facts of a

prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ

simply because that court concludes in its independent judgment that the

- 4 -

relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### III. Discussion

Petitioner argues he was denied the effective assistance of trial and appellate counsel.

To prevail on his ineffective assistance of counsel claims, petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).  *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.  The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F.3d 602, 617 (6th Cir. 2005).

Petitioner in his first claim argues that his first trial counsel, whom was later replaced, was ineffective for failing to interview Maria Coulson and Wanda Cartwright as possible defense witnesses to support petitioner's duress defense.  It is unclear whether petitioner is also arguing that his subsequently retained trial counsel should have also attempted to locate and call Coulson and Cartwright as witnesses in support of the duress defense.  Petitioner also claims that trial counsel should have obtained investigative assistance to help locate these two women, who fled Eaton County after allegedly being threatened by the same drug dealers who threatened to kill petitioner and his family.

Petitioner is not entitled to relief on his claim because he failed to provide to the Michigan courts on either direct or collateral review or to this Court an affidavit from Maria Coulson and Wanda Cartwright concerning their proposed testimony and willingness to testify on petitioner's behalf. Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *See Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998).  By failing to present any evidence to the state courts in support of his ineffective assistance of counsel claim, petitioner is not entitled to an evidentiary hearing on his ineffective assistance of counsel claim with this Court. *See Cooey v. Coyle,*

289 F.3d 882, 893 (6th Cir. 2002)(citing 28 U.S.C. § 2254(e)(2)(A)(ii)).

Petitioner offered, neither to the Michigan courts nor to this Court, any

evidence beyond his own assertions as to whether Ms. Coulson or Ms.

Cartwright would have been able to testify and what the content of their

testimony would have been.  In the absence of such proof, petitioner is

unable to establish that he was prejudiced by counsel's failure to interview

Ms. Coulson or Ms. Cartwright or call them to testify at trial, so as to

support the second prong of an ineffective assistance of counsel claim. *See*

*Clark v. Waller,* 490 F.3d 551, 557 (6th Cir. 2007).

Petitioner is also not entitled to relief on the claim because any

testimony from Coulson and Cartwright concerning threats by the drug

dealers would have been cumulative of petitioner's own testimony that

these drug dealers had threatened to kill petitioner and his family because

he owed them money for the drugs that petitioner had purchased.

Petitioner in his reply brief acknowledges that in addition to his own

testimony, prosecution witness Roy Smith had testified at trial that

petitioner told him and his brother the night before petitioner was arrested

that he was scared that "Dred" was going to come up from Detroit and kill

him. (ECF No. 9, PageID.1626).  A review of the trial record shows that Mr.

Smith, in fact, had testified that petitioner had told him he was afraid that

"Dred" was going to come up from Detroit and kill him. (ECF No. 8-7, PageID.1135).

Petitioner was not prejudiced by counsel's failure to call Ms. Coulson or Ms. Cartwright because their testimony was cumulative of other evidence in support of petitioner's claim that a drug dealer had threatened to kill him and his family because he owed the drug dealer money for drugs. *Wong v. Belmontes,* 558 U.S. 15, 22-23 (2009); *see also United States v. Pierce*, 62 F.3d 818, 833 (6th Cir. 1995); *Johnson v. Hofbauer*, 159 F. Supp. 2d 582, 607 (E.D. Mich. 2001).  The jury had significant evidence presented to it that petitioner had committed the armed robbery out of duress in order to pay back a drug debt.  Because the jury was "well acquainted" with evidence that would have supported petitioner's duress defense, additional evidence in support of petitioner's defense "would have offered an insignificant benefit, if any at all." *Wong,* 558 U.S. at 23.

Finally, petitioner is unable to establish that he was prejudiced by trial counsel's failure to investigate and present these two witnesses because he did not have a viable duress defense under Michigan law.

In Michigan, duress is a common-law affirmative defense that arises in situations where the defendant commits a crime to avoid a greater harm. *Dando v. Yukins*, 461 F.3d 791, 803 (6th Cir.2006)(citing *People v.*

*Lemons*, 454 Mich. 234, 562 N.W.2d 447, 453 (1997)).  The defendant

bears the burden to produce some evidence from which the jury could

conclude that each of the following elements are present:

> (A) The threatening conduct was sufficient to create in the mind of a reasonable person the fear of death or serious bodily harm;
>
> (B) The conduct in fact caused such fear of death or serious bodily harm in the mind of the defendant;
>
> (C) The fear or duress was operating upon the mind of the defendant at the time of the alleged act; and
>
> (D) The defendant committed the act to avoid the threatened harm.

*Lemons*, 562 N.W.2d at 453 (internal quotation omitted).

In addition, the threatening conduct must be "'present, imminent, and

impending'"; "'threat of future injury is not enough'"; and "'the threat must

have arisen without the negligence or fault of the person who insists upon it

as a defense.'" *Id.* at 454 (quoting *People v. Merhige*, 212 Mich. 601, 180

N.W. 418, 422 (1920)).  A defendant may forfeit a duress defense when he

fails to use a reasonable opportunity to escape if it would not unduly

expose him to death or serious bodily injury. *Id.* at n. 18.

The Michigan Court of Appeals, in rejecting petitioner's related

sufficiency of evidence claim, concluded that the evidence was sufficient to

show that he did not act under duress:

- 9 -

Here, while defendant may have believed that he and his family were vulnerable and that the threat was likely to be carried out on the night of the robbery if he did not pay the debt, there was no testimony regarding the whereabouts of the drug suppliers at that time, defendant stated that he thought he had to have the money the day following the threat and yet spent the day and evening celebrating Easter with his family before the nearly 10 p.m. robbery, and defendant remained in the community attempting to secure money to pay the debt for nine days after the robbery, until his arrest. The jury could reasonably have inferred from this evidence that defendant faced a future threat and did not, in accordance with the trial court's instructions, face fear at the time he acted.

Further, the threat to defendant and his family must have materialized "without the negligence or fault of the person who insists upon it as a defense." Defendant explained that he was threatened due to a debt he incurred as a result of his use of drugs supplied by those who threatened him. Additionally, defendant did not accept a $500 loan that was offered to him from a cash advance business, and considered but did not pursue loans from other businesses, family, or friends before searching for a business from which to steal. Further, defendant did not attempt to flee, as he reported two of his friends did when they were threatened. Finally, defendant did not ask the police to protect him or his family after he was threatened. This evidence was sufficient for the jury to have concluded that defendant was at fault for the debt that was incurred and not addressed, which produced the pressure of the threat that was directed at him and his family, and that he was therefore not absolved of responsibility for the robbery owing to the defense of duress.

*People v. Weaver*, 2016 WL 2943239, at *2 (internal citation omitted).

The Michigan Court of Appeals subsequently employed the same

rationale to reject petitioner's ineffective assistance of trial counsel claim:

> Even if defendant could show that counsel's performance was
> deficient, he has not established prejudice. Defendant
> acknowledged that he committed the crime, and he explained
> his reasons for the decision. Cumulative testimony that his drug
> dealers were also threatening others with violence due to their
> debts would likely not have changed the jury's determination
> that defendant was not excused from committing the crime
> under the circumstances. Presuming that the testimony would
> have reinforced the evidence that defendant was also
> threatened, it would not have established that the situation
> arose from something other than defendant's illegal conduct.

*People v. Weaver*, 2016 WL 2943239, at *5.

Petitioner did not have a viable duress defense largely because it

was his own negligence or fault in incurring a debt from the purchase of

illegal drugs that lead to the threats against him and his family. *See e.g.*

*Lindbloom v. Bell,* No. 2:07-cv-11147, 2008 WL 4858436, at *4 (E.D. Mich.

Nov. 10, 2008)("Petitioner could not establish that the threat arose without

his negligence or fault given that he incurred a debt for the purchase of

illegal drugs, which he was unable to pay."); *People v. Humber*, 2000 WL

33389723, *1 (Mich. Ct. App. Dec.26, 2000)(rejecting duress defense

where defendant chose to smoke crack cocaine, knowing that she was

unable to pay for it); *People v. Robinson*, 2000 WL 33405363, *3 (Mich. Ct.

App. Oct. 24, 2000)(rejecting duress defense where duress resulted from

defendant's own conduct in purchasing illegal drugs).  Moreover, petitioner

did not attempt to seek the protection of law enforcement or undertaken

other affirmative steps to avoid the harm.  Because petitioner did not have a viable duress defense under Michigan law, he failed to show that he was prejudiced by counsel's failure to call additional cumulative witnesses in support of his duress defense. *See e.g. Bennett v. Brewer*, 940 F.3d 279, 289-90 (6th Cir. 2019).

Petitioner next claims that trial counsel was ineffective for failing to hire a private investigator or have one appointed for him by the court. Petitioner, however, has failed to show that counsel would have obtained beneficial information had he hired an investigator, thus, he failed to establish that he was prejudiced by counsel's failure to hire an investigator. *See Welsh v. Lafler*, 444 F. App'x 844, 851 (6th Cir. 2011)(Defense counsel's failure to hire private investigator during prosecution for criminal sexual conduct did not prejudice defendant, and thus was not ineffective assistance; defendant failed to present sufficiently detailed and convincing account of what additional facts investigator could have discovered in support of defendant's innocence).  Petitioner is not entitled to relief on his first claim.

Petitioner in his second claim alleges that appellate counsel was ineffective for failing to seek an evidentiary hearing on petitioner's ineffective assistance of trial counsel claim pursuant to *People v. Ginther*,

390 Mich. 436, 212 N.W.2d 922 (1973) or to otherwise develop a factual record for petitioner's duress defense on petitioner's appeal of right.

Petitioner is not entitled to habeas relief on this claim for several reasons.

First, appellate counsel's decision to raise the ineffective assistance of trial counsel claim without conducting an evidentiary hearing was a "reasonable recognition that the allegations of ineffective assistance could be determined from the trial transcript alone.  No additional evidence was really necessary for the [appellate] court to make a fair determination of the [S]ixth [A]mendment issue." *Young v. Miller,* 883 F.2d 1276, 1280 (6th Cir. 1989).

Moreover, assuming that appellate counsel was ineffective for failing to proceed with a *Ginther* hearing, petitioner was not prejudiced by appellate counsel's failure to do so because petitioner failed to show that the underlying ineffective assistance of trial counsel claim had merit.  In light of the fact that petitioner's ineffective assistance of trial counsel claim is without merit, petitioner is unable to establish that he was prejudiced by appellate counsel's failure to conduct a *Ginther* hearing*. See e.g. Davis v. Booker,* 594 F. Supp. 2d 802, 831 (E.D. Mich. 2009); *rev'd on other grds,*

- 13 -

589 F.3d 302 (6th Cir. 2009).  Petitioner is not entitled to relief on his second claim.

## IV.  Conclusion

The Court will deny the petition for a writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he failed to make a substantial showing

of the denial of a federal constitutional right. *Myers v. Straub,* 159 F. Supp.
2d 621, 629 (E.D. Mich. 2001).  The Court will also deny petitioner leave to
appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## V. <u>Order</u>

Based upon the foregoing, IT IS ORDERED that the Petition for a
Writ of Habeas Corpus is **DENIED WITH PREJUDICE**.

IT IS FURTHER ORDERED That a Certificate of Appealability is
**DENIED**.

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to
appeal *in forma pauperis.*

Dated:  June 14, 2021

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 14, 2021, by electronic and/or ordinary mail and also on
Bruce Alan Weaver #166127, Thumb Correctional Facility
3225 John Conley Drive, Lapeer, MI 48446.

s/Leanne Hosking
Deputy Clerk